Citation Nr: 1448554 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 14-06 692 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

M. Yuan, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from May 1948 to May 1952. This matter is before the Board of Veterans' Appeals (Board) on appeal from an April 2013 rating decision of the St. Louis, Missouri Department of Veteran Affairs (VA) Regional Office (RO). This matter was remanded by the Board in April 2014.

The June 2014 VA examination report notes that the Veteran reported his service connected cold injury residuals of the bilateral upper and lower extremities have gotten worse since his last VA examination, but the matter of entitlement to increased ratings for such disabilities has not been developed or adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Board previously remanded this matter in April 2014 to obtain a medical opinion regarding whether the Veteran's service connected cold injury residuals rendered him unemployable. Specifically, the Board asked the examiner to discuss the functional limitations and expected effect on employment associated with the Veteran's service connected disabilities alone, and to identify any and all types of employment that would not be precluded by such limitations. Pursuant to that remand, the Veteran was examined in May 2014. At the time, he reported that he had decreased grip strength and was unable to perform repetitive motions with his hands, among other complaints. The examiner acknowledged these reports, described the physical limitations they imposed, and opined generally that the Veteran would nonetheless be able to perform sedentary work. However, as the Veteran's representative points out in the October 2014 informal hearing presentation, the examiner's conclusion regarding sedentary work is somewhat vague, and in particular does not address the functional limitations presented by the Veteran's decreased grip strength on activities associated with sedentary work (e.g., fine motor skills like writing and computer use). While the examiner's opinion that the Veteran's service connected cold injury residuals render him unable to perform physical labor is accompanied by a thorough explanation and citation to supporting factual evidence, the conclusion that he "does not have service-connected physical functional impairment that would render him unable to perform sedentary employment" is not similarly supported. Therefore, a remand is necessary to obtain an addendum opinion with a more comprehensive explanation.

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should arrange for the Veteran to be examined by the VA physician who provided the June 2014 examination and report for an addendum opinion. If that examiner is not available, the record should be forwarded to another appropriate VA physician. The entire record must be reviewed by the examiner in conjunction with the examination. Based on review of the record, the examiner should provide opinions responding to the following:

(a) Please specifically discuss the functional limitations associated with, and expected effect on employment from, the Veteran's service-connected disabilities specifically addressing his ability to perform fine motor functions (such as writing or computer use) that would be required for him to perform sedentary work.

(b) Please identify any and all types of sedentary work that he can perform despite his service-connected disabilities. The examiner must explain why the Veteran's disability does not preclude him from performing such work, specifically addressing the physical limitations caused by his service-connected disabilities and their relationship with skills required by the types of sedentary work the Veteran may perform.

A complete rationale must be included in all opinions.

2. The AOJ should then review the record and readjudicate the claim. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative an opportunity to respond before the record is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
ROBERT E. SULLIVAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).